In the
# United States Court of Appeals
## For the Seventh Circuit

---

No. 23-1864

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

BRADLEY OLSON and SHIRLEY OLSON, doing business as Affordable Sewer Service,

*Defendants-Appellees.*

---

Appeal from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 1:21-CV-435-HAB — **Holly A. Brady**, *Chief Judge.*

---

SUBMITTED APRIL 4, 2024 — DECIDED APRIL 11, 2024

---

Before EASTERBROOK, ST. EVE, and JACKSON-AKIWUMI, *Circuit Judges.*

PER CURIAM. For a decade Bradley Olson and Shirley Olson have not paid the federal taxes of their business, Affordable Sewer Service. They have deducted withholding taxes from their employees' wages and kept the money, not turning it over to the IRS as federal law requires. See 26 U.S.C. §§ 3102, 3402; *Begier v. IRS*, 496 U.S. 53, 60–61 (1990). In many years

they did not pay their own income tax either. The Olsons assert that, if they must pay these taxes, they will go bankrupt. (The business is a proprietorship, so personal and business bankruptcy are the same.) They also maintain that they need the money to support themselves and their extended family.

The United States filed this suit seeking both a money judgment and an injunction compelling the Olsons to deposit withholding taxes into a bank using an approved payroll service. See 26 U.S.C. §§ 6302, 6157; 26 C.F.R. §§ 31.6302-1, 31.6302(c)-3. The proposed injunction also would require the Olsons to pay their taxes ahead of private creditors, permit the IRS to inspect their books and records, and notify the IRS if they start another business.

The district court ordered the Olsons to pay more than $300,000. But the court denied the motion for an injunction, relying on language in *United States v. Benson*, 561 F.3d 718, 724 (7th Cir. 2009). See 2023 U.S. Dist. LEXIS 8472 (N.D. Ind. Jan. 17, 2023). The United States sought reconsideration, observing that this portion of *Benson* interpreted 26 U.S.C. §7408(b), which deals with tax shelters, while the request in this case rests on 26 U.S.C. §7402(a), which reads:

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica*, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

Under this statute an injunction may issue if "necessary or appropriate for the enforcement of the internal revenue laws."

The district court understood §7402(a) to call for consideration of the traditional factors, under which a plaintiff seeking a permanent injunction "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Cf. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (similar factors for preliminary injunction). As the district judge saw matters, the United States has not established irreparable harm because it will not become insolvent if the Olsons do not pay their taxes. 2023 U.S. Dist. LEXIS 40549 *7 (N.D. Ind. Mar. 9, 2023). The court added that the United States does not face irreparable injury, because it can get future money judgments against the Olsons if they persist in not paying taxes.

By the district court's lights, no court ever would order relief under §7402(a), because the national government's solvency does not depend on tax payments from any one person or business, even the largest. Yet judges should not interpret statutes in a way that makes them ineffectual. Nor should a court be sanguine that the IRS can collect from the Olsons just because it has a money judgment. They have not paid in the past and assert inability to pay in the future. The sort of relief the United States seeks in this case creates a mechanism for payment: the use of a payroll service that will turn over withholding taxes (at least) whether or not the Olsons cooperate. Ability to audit the Olsons' books without the need for subpoena-enforcement proceedings also will assist in tax assessment and collection.

Application of the traditional factors is straightforward. (1) The United States suffers irreparable harm in the sense that it is unlikely to collect future taxes unless some intermediary such as a payroll processor superintends how the business's income is distributed. (2) Money damages are inadequate because the Olsons assert both inability and unwillingness to pay. (3) The balance of hardships favors relief (the Olsons' belief that they are entitled to prefer other uses of money amounts to little more than disagreement with the tax laws). And (4) the public interest calls for ensuring that the Olsons have the same costs (taxes as well as wages) as their competitors. The district court's contrary decision on these factors is an abuse of discretion.

The United States expresses doubt that the traditional factors apply to a statute such as §7402(a). In particular, it contends, irreparable injury is unnecessary as long as the injunction is "appropriate". The Supreme Court may decide in the coming months whether that is true of requests for injunctions under 29 U.S.C. §160(j). See *Starbucks Corp. v. McKinney*, No. 23-367 (to be argued April 23, 2024). We need not await the Court's decision, however, because the Treasury's injury from a continuation of the Olsons' conduct is irreparable. An uncollectable money judgment is just no substitute for a procedure that facilitates compliance with the law. See *Benson*, 561 F.3d at 727.

The Olsons have not appealed from the money judgment. On the appeal by the United States, the decision is reversed and the case is remanded for entry of the proposed injunction.